J-S25035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MISSION CRITICAL SOLUTIONS LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE H. BOHRER | : | |
| | : | |
| Appellee | : | No. 95 WDA 2022 |

Appeal from the Judgment Entered December 17, 2021
In the Court of Common Pleas of Cambria County
Civil Division at No(s):  2018-5357

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                    **FILED: AUGUST 18, 2022**

Appellant, Mission Critical Solutions LLC, appeals from the summary judgment entered in favor of Appellee, George H. Bohrer on December 17, 2021.  We remand with instructions.

Initially, we observe that the trial court stated in its Rule 1925(a) opinion that Appellant's appeal should be dismissed as untimely filed, where Appellant filed its notice of appeal on January 18, 2022.  (***See*** Trial Court Opinion, filed March 8, 2022, at 1-2).  Pennsylvania Rule of Appellate Procedure 903 states: "Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."  Pa.R.A.P. 903.  Notably, in calculating the timeliness of an appeal: "Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday

by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908.

Instantly, the court entered summary judgment in favor of Appellee on December 17, 2021. Thus, by the 30-day calculation, Appellant's appeal was due January 16, 2022. Nevertheless, January 16th was a Sunday, and the following Monday January 17th was the court holiday of Martin Luther King, Jr. Day. Consequently, Appellant had until January 18, 2022 to file a timely notice of appeal.[1] **See** 1 Pa.C.S.A. § 1908.

As the trial court declined to discuss the merits of Appellant's appeal in its Rule 1925(a) opinion based on the court's erroneous calculation of the appeal deadline, we remand for the trial court to prepare a supplemental Rule 1925(a) opinion within **30 days** of the filing date of this decision, addressing all properly preserved issues. Thereafter, the court shall certify its decision and return the record back to this Court. Appellant shall have **30 days** after

---

[1] Appellee urges this Court to dismiss the appeal because Appellant inadvertently listed Appellee's name as the party filing the appeal. After realizing the error, Appellant filed an application in this Court to amend the notice of appeal to substitute Appellant's name as the proper party filing the appeal. This Court granted Appellant's request, without prejudice to Appellee's right to raise the issue before the merits panel. Here, the appeal was timely filed within the appeal period deadline. We construe Appellant's error in providing the incorrect party name as a mere clerical error which rendered the notice of appeal defective, but subject to correction. **See** Pa.R.A.P. 902 (stating failure of appellant to take any step other than timely filing of notice of appeal does not affect validity of appeal, but it is subject to such action as appellate court deems appropriate). Under these circumstances, we decline Appellee's invitation to dismiss the appeal on this basis.

receipt of the supplemental Rule 1925(a) opinion to file a supplemental brief.[2]

Appellee shall have **30 days** thereafter to file a responsive supplemental brief.

Case remanded with instructions.  Panel jurisdiction is **retained**.

---

[2] Appellee also suggests this Court should dismiss the appeal where Appellant failed to file a reproduced record and designation of reproduced record.  Upon filing its supplemental brief, Appellant **shall** comply with all applicable rules of appellate procedure.